UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY RICHARDS,<br><br>          Plaintiff,<br>v.<br><br>WELLS FARGO HOME MORTGAGE;<br>WELLS FARGO BANK, N.A.<br><br>          Defendant. | Civil No. 10cv2007 JAH (BLM)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** [DOC. # 18]; **AND DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AS MOOT** [DOC. # 5] |

## **INTRODUCTION**

Pending before the Court is the motion to dismiss plaintiff's first amended complaint filed by defendant Wells Fargo Bank, N.A.[1] ("defendant") for failure to state a claim against defendant upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff did not file an opposition to the motion. After a careful review of defendants' motion, this Court **GRANTS** defendant's unopposed motion to dismiss and dismisses plaintiff's first amended complaint without prejudice.

---

[1] Defendant attests, in its removal documents, that "Wells Fargo Home Mortgage is division of Wells Fargo Bank, N.A." Doc. # 1 ¶ 9. Thus, this Court deems the motions addressed herein as filed on behalf of all defendants named in the complaint and first amended complaint.

[2] Also pending before this Court is defendant's motion to dismiss plaintiff's original complaint filed on October 4, 2010. *See* Doc. # 5. However, when plaintiff filed her first amended complaint, with leave of court, defendant's motion to dismiss plaintiff's original complaint became moot. Thus, this Court denies the motion on that basis.

## BACKGROUND

Plaintiff, appearing *pro se*, filed a complaint before the San Diego County Superior Court on September 8, 2010, seeking declaratory and injunctive relief, based on allegations stemming from foreclosure proceedings against property located at 7513 New Salem Street, San Diego, California. The complaint seeks relief against Wells Fargo based on claims for fraud, negligent misrepresentation, breach of written and implied contract, negligence, declaratory relief, quiet title, slander of title, violation of California's Rosenthal Fair Debt Collections Practices Act, and intentional infliction of emotional distress.

Defendant removed the complaint to this Court on September 27, 2010, on diversity grounds. On December 12, 2010, counsel Thomas J. Bayard substituted in as counsel for plaintiff. Plaintiff filed, on January 4, 2011, her first amended complaint, which is the operative pleading here, alleging causes of action for fraud, negligent misrepresentation and seeking declaratory and injunctive relief and to quiet title on the property at issue. The instant motion to dismiss was filed by defendant on January 12, 2011. No opposition to the motion was filed by plaintiff. This Court, on March 15, 2011, took the motion under submission without oral argument.

## DISCUSSION

Defendant's unopposed motion to dismiss seeks dismissal of the action for failure to state a claim. The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require the granting of a motion for failure to respond. *See, generally,* Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (*per curiam*) (affirming dismissal for failure to timely file opposition papers). Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Local Rule 7.1(e.2), that failure may constitute a consent to the granting of that motion or other request for ruling by the court."

Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Ghazali</u>, 46 F.3d at 53  (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See* <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

After a review of the record, this Court finds that the second factor weighs in favor of dismissal.  As the court noted in <u>Yourish</u>, the routine noncompliance of litigants should not prevent the court from managing its docket. <u>Yourish</u>, 191 F. 3d 990.  Plaintiff failed to comply with one of the most basic requirements of litigation and, to date, offers no excuse for failing to respond to defendant's motion to dismiss.  The fact that plaintiff has  yet to make any attempt to address the motion to dismiss also supports a finding of prejudice towards defendants and weighs in favor of dismissal.   Finally, with respect to whether less drastic measures have been considered, in the interest of lessening the sanction imposed on plaintiff, the Court will grant defendant's motion to dismiss without prejudice.

Thus, this Court finds the factors weigh heavily in favor of granting defendant's motion to dismiss.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiff's original complaint [doc. # 5] is **DENIED as moot**;

2. Defendant's motion to dismiss plaintiff's first amended complaint [doc. # 18] is **GRANTED;** and

3. The claims against Wells Fargo, N.A. and Wells Fargo Home Mortgage contained in plaintiff's first amended complaint are **DISMISSED without prejudice**.

Dated:     May 19, 2011

_____
JOHN A. HOUSTON
United States District Judge